UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY R. ZIKE, ) | |
| ) | |
| Plaintiff , ) | |
| ) | |
| vs. ) | Case no. 4:09cv0199 TCM |
| ) | |
| ADVANCE AMERICA, CASH ) | |
| ADVANCE CENTERS OF MISSOURI, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Pending are the parties' response to this Court's earlier order directing them to show cause why the counterclaim of Advance America, Cash Advance Centers of Missouri, Inc. (Defendant) for conversion should not be dismissed for lack of jurisdiction, the Court having earlier granted Defendant's motion for summary judgment and dismissed the complaint of Timothy Zike (Plaintiff). At issue in the counterclaim are three checks totaling $1,489.25, a claim for punitive damages, and a request for attorney's fees.

Plaintiff argues that this Court may retain jurisdiction although the remaining cause of action is for less than the amount required by 28 U.S.C. § 1332(a) for diversity jurisdiction.[1]

---

[1] Plaintiff cites Poore v. American-Amicable Life Ins. Co. of Tex., 218 F.3d 1287 (11th Cir. 2000), in support of his argument that the Court may retain jurisdiction of the counterclaim. Overruled on other grounds in Alvarez v. Uniroyal Tire Co., 508 F.3d 639 (11th Cir. 2007), this case addresses the issue of whether a court retains supplemental jurisdiction over a pendent state law claim after disposition of a federal claim. The Court finds that the issue now before it is not whether the Court *may* continue to exercise jurisdiction over the state claims but whether it *should*. Cases of the Eighth Circuit, cited above, militate against such retention.

Without addressing the jurisdiction question, Defendant moves to dismiss its counterclaim without prejudice.

"A district court has discretion to remand or dismiss a [party's] state law claims when the federal character of a case has been eliminated." **Roeben v. BF Excelsior Ltd. P'ship**, 545 F.3d 639, 644 (8th Cir. 2008). Clearly, the pending claim for conversion "depends solely on a determination of state law . . . ." **Glorvigen v. Cirrus Design Corp.**, 581 F.3d 737, 749 (8th Cir. 2009). When such is the case, the Eighth Circuit Court of Appeals favors the dismissal of the state claims without prejudice "to avoid [n]eedless decisions of state law . . . as a matter of comity and to promote justice between the parties." **Ivy v. Kimbrough**, 115 F.3d 550, 552 (8th Cir. 1997) (internal quotations omitted) (alterations in original); accord **Quinn v. Ocwen Fed. Bank FSB**, 470 F.3d 1240, 1249 (8th Cir. 2006). See also **Hervey v. County of Koochiching**, 527 F.3d 711, 727 (8th Cir. 2008) (directing that a court declining to exercise supplemental jurisdiction of a state law claim dismiss that claim without prejudice).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss its counterclaim without prejudice is **GRANTED**. [Doc. 86]

An appropriate Order shall accompany this Memorandum and Order.

                                        /s/ Thomas C. Mummert, III
                                        THOMAS C. MUMMERT, III
                                        UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of July, 2010.